## UNITED STATES v. CARSTENS PACKING CO. et al.

### No. 810.

District Court, W. D. Washington, N. D.

April 17, 1931.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash.

Kerr & McCord and Hartman & Hartman, all of Seattle, Wash., for defendants.

NETERER, District Judge.

In this sort of a proceeding, the owner and the building are two distinct entities. It is immaterial whether the owner knows that the building violates the law. The building is vulnerable, and, if the liquor traffic is conducted in the building, it is subject to the abatement proceeding, and, unless the owner abates it himself, the government has a right to invoke equity to abate it.

The owner must know what the property is used for if he desires the building to escape the penalty, and a stipulation in a lease that the building shall not be used for the unlawful purpose can be of no avail as a defense; nor is the government required to notify the owner of the violations within the building. I think it would be a laudable act on the part of the Prohibition Bureau to do so, where this may be done; many owners might abate the nuisance and thus save the court's time. And that is all the law requires and what the provision is for.

The complaint charges eight arrests from the 18th of December, 1930, to the 24th of January, 1931, inclusive, and on the following 26th a raid was made on the premises. The building was leased on the 1st day of December, 1930. It had been standing empty for eighteen months. The forepart of February the building was locked up. All of the fixtures, etc., were moved from the building. It has since been locked. This action was commenced on the 11th day of March, 1931, approximately a month after the building was locked up.

The complaint charges that a common nuisance exists, and verily believes that defendant will keep, maintain, and use the premises for a place where intoxicating liquor is manufactured, kept, sold, or bartered in violation of the National Prohibition Act, and is a common nuisance; and that plaintiff has no other remedy except for a court of equity to abate the nuisance. If no nuisance existed at the time the complaint was filed, equity has no jurisdiction.

In Kennedy v. United States (C. C. A.) 4 F.(2d) 486, 488, the court held that the general atmosphere of the place, its location, fittings, furnishings, patrons, tenants, etc., are matters to be taken into consideration with relation to the final disposition. In this case the testimony shows that, this building, while it originally comprised two storerooms, upon being leased, the partition was removed, the plumbing taken from the middle of the building to the corner, and the walls redecorated, and rented at $100 a month for twelve months, payable monthly in advance. The expense of repairing was $400. It is conceded at bar by the counsel for the government that the owners of the premises are reputable citizens, nothing to be said against their character, and, likewise, the firm through whom the lease was made is of good repute. The testimony of the agent is that the company is 100 per cent. for enforcement of this law.

Judge Rudkin in the Kennedy Case, in referring to presumptions, says: "The presumption is that the fact or relation once proved to exist continues as long as it is usual for facts or relations of such a nature to continue."

And then quotes Wharton on Criminal Law, and says, the presumption we are discussing means little more than the shifting of the burden of proof. And again says in this case: "Appellant offered no testimony as to either cessation or abatement, nor has he availed himself of the privilege of so doing, even after final judgment, as permitted by the decree. Under such circumstances, it cannot be said that the decree of the court below works injustice or is without support in the testimony."

I am convinced, not by a mere preponderance of the evidence, but to a moral certainty, that the nuisance was abated, and, since this has been abated by the owner, it has had opportunity to rent it to a like concern, but declined to do so. There was no nuisance to abate when the action was commenced, and the environment of the place, the location, and the sentiment and conduct of the owners, under the disclosed facts, would not, under any circumstances that I can conceive, warrant a finding that a nuisance does exist, or did exist at the time the action was commenced, or that the environment and conditions and circumstances would give the court any sort or color of right to enter an order that a nuisance exists, and require even the posting of a bond.

The motion to dismiss is granted.

In all these cases, as is apparent from what I said, before an action is commenced, the government should know that a nuisance exists at the time.