**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL JANG, an individual,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>SAGICOR LIFE INSURANCE COMPANY, a business entity form unknown; et al.,<br><br>    Defendants-Appellees. | No. 19-55475<br><br>D.C. Nos.<br>5:17-cv-01563-JGB-KK<br>5:17-cv-01585-JGB-KK<br><br>MEMORANDUM<sup>*</sup> |
| DANIEL JANG, an individual; KEVIN JANG,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>SAGICOR LIFE INSURANCE COMPANY, a business entity form unknown; et al.,<br><br>    Defendants-Appellees. | No. 19-55533<br><br>D.C. No.<br>5:17-cv-01563-JGB-KK |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 15, 2021
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and GLEASON,[**] District Judge.

In these consolidated cases, Plaintiff Daniel Jang appeals from the district court's evidentiary ruling and granting of Defendants' motions for summary judgment, and Plaintiff Daniel Jang and his counsel Kevin Jang appeal from the magistrate judge's order denying discovery and imposing discovery sanctions against them. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion when it excluded portions of three declarations submitted by Plaintiff, because the declarants lacked personal knowledge of the asserted statements. Fed. R. Evid. 602. The declarants did not witness the events, did not explain how they had personal knowledge of the events, did not ground their statements "in observations and experience," *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) (citation omitted), and it could not be reasonably inferred from the declarations "the nature of their participation in the matters to which they swore," *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999,

---

[**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

1018 (9th Cir. 1990) (per curiam). *See also Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc).

Plaintiff also asserts that the district court erred in excluding portions of the declarations without affording him a chance to address Defendants' objections. Plaintiff was served with the objections but did not file a response despite bearing the burden of proof to show the admissibility of the declarants' statements. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002). Moreover, Plaintiff invited any error by failing to respond to the objections and then claiming on appeal that the district court erred. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385–86 (9th Cir. 2010). Finally, even if the district court erred in excluding portions of the declarations, the declarations did not establish a genuine issue of triable fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

The Court reviews a grant of summary judgment *de novo*. *Sandoval v. County of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). Summary judgment is appropriate when there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). However, "the existence of 'some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Momex-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). "Where the record *taken as a whole* could not lead a rational trier of fact to find for the nonmoving party, there is

no genuine issue for trial," and summary judgment is appropriate. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (emphasis in original) (citation omitted).

As to Plaintiff's claims for breach of contract, declaratory relief, and breach of an implied covenant of good faith and fair dealing, *de novo* review of the record demonstrates that there was no genuine issue of material fact as to whether the South Korean medical records belonged to the insured. Although the parties dispute this fact, the evidence produced by Plaintiff—considered as a part of the record as a whole and viewed in the light most favorable to Plaintiff—could not lead a rational trier of fact to find for Plaintiff. Accordingly, there was no genuine issue of material fact for trial.

As to Plaintiff's claim for intentional infliction of emotional distress, *de novo* review of the record shows that Plaintiff failed to raise a triable issue with regard to the necessary "extreme and outrageous" element of intentional infliction of emotional distress. *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (citation omitted). The record is devoid of any extreme and outrageous conduct by Defendants' investigators aside from Plaintiff and Plaintiff's counsel's conclusory declarations, and "[w]hen the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (citing *United States v. 1 Parcel of Real Property*, 904

F.2d 487, 492 n.3 (9th Cir. 1990)). Accordingly, there was no genuine issue of material fact for trial.

Appellants have forfeited their claims related to the magistrate judge's discovery and sanctions order. Federal Rule of Civil Procedure 72(a) allows a party 14 days to object to a magistrate judge's non-dispositive order. Appellants did not file objections to the magistrate judge's discovery and sanctions order with the district judge. A party "who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *accord Glenbrook Homeowners Ass'n v. Tahoe Reg'l Planning Agency*, 425 F.3d 611, 619–20 (9th Cir. 2005).

**AFFIRMED.**