JEWELL v. STATE LIFE INS. CO. OF INDIANAPOLIS, IND. et al.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1910.)

No. 2,002.

EQUITY (§ 369*)—TIME FOR TAKING PROOFS—PRACTICE IN FEDERAL COURTS.

Equity rule 69 gives a party to a suit in equity in a federal court, on whose pleading an issue of fact is joined, three months in which to take evidence in support of the allegations so put in issue; and unless such right is waived it is error for the court to hear the cause and enter in final decree before the expiration of that time.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 779; Dec. Dig. § 369.*]

Appeal from the Circuit Court of the United States for the Northern District of Florida.

Bill of interpleader by the State Life Insurance Company of Indianapolis, Ind., against C. D. Frink, Mrs. C. D. Frink, and Jessie M. Jewell. Decree awarding the fund paid into court by complainant to Mrs. C. D. Frink, and defendant Jessie M. Jewell appeals. Reversed.

William W. Flournoy, for appellant.

J. W. Kehoe and W. R. Chapman, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. In August, 1905, the State Life Insurance Company of Indianapolis, Ind., issued and delivered to Eddie M. Jewell its policy of life insurance, covering the life of said Eddie M. Jewell in the amount of $5,000. Mrs. C. D. Frink, a sister of the in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sured, was designated as the beneficiary in said policy who should receive the said sum in case of the death of the insured. On June 2, 1906, the insured died; the policy at that time being in full force and effect and all premiums paid. The said insured was unmarried when the said policy was issued; but on June 2, 1906, when he died, he was married, and Jessie M. Jewell, appellant, his widow, survives him.

The appellees, C. D. Frink and Mrs. C. D. Frink, contended there had been no change of beneficiary, and that they were entitled to the amount of the policy, and so notified the insurance company. Mrs. Jessie M. Jewell contended that the insured, before his death, changed the beneficiary from his sister, Mrs. C. D. Frink, to his wife, Mrs. Jessie M. Jewell, and, further, that if by the proceedings had the beneficiary was not actually changed on the books of the company, yet by what the said Eddie M. Jewell did and attempted to do, and the notification given by him to the company, the said beneficiary was changed in justice and equity, and that the amount of the policy should be paid to her. In pursuance of this demand, on the 7th day of September, 1906, the said Jessie M. Jewell filed in the chancery court of Geneva county, Ala., a bill of complaint against the insurance company and said Mrs. Frink for the purpose of enforcing her claim and right to the proceeds of said policy of insurance. Thereupon the insurance company, on the 2d day of November, 1907, filed its bill of interpleader against both Mrs. Frink and Mrs. Jewell in the Circuit Court of the United States for the Northern District of Florida. To this bill both the defendants named, Mrs. Frink and Mrs. Jessie M. Jewell, entered appearances.

Mrs. Frink and her husband on the 6th day of January, 1908, filed a demurrer to this bill of interpleader. Afterwards, on the 4th day of February, 1908, the complainant on leave of the court filed an amendment to its original bill, on which the court ordered notice to be served upon counsel for the parties defendant and directed them to plead on or before the next rule day, February, 1908. On February 17, 1908, Mr. and Mrs. C. D. Frink filed an answer, asserting their title to the fund in controversy, and reciting facts tending to attack and controvert the right of Mrs. Jessie M. Jewell. Afterwards, on leave of the court, on the 17th day of March, 1909, complainant filed another and lengthy amendment to the original bill of complaint, therein setting out in considerable detail the several contentions of Mrs. Frink and Mrs. Jessie M. Jewell as to their rights to receive the amount of the policy issued on the life of Eddie M. Jewell.

Mrs. C. D. Frink followed this bill with an answer on the 22d day of March, 1909, objecting and protesting against the defendant Mrs. Jessie M. Jewell being permitted to file any answer herein for certain reasons given. Thereupon the judge caused to be entered an order to the effect that Mrs. Jessie M. Jewell should not be allowed to file an answer until she had given a bond for costs on or before the 1st day of May next following. On the 14th day of April, 1909, Mrs. Jessie M. Jewell filed an answer to the bill of complaint, therein, among other matters, charging that the said Eddie M. Jewell in his lifetime changed the beneficiary in the policy from Mrs. C. D. Frink to Jessie M. Jewell, which change was made in writing, signed and

176 F.—5

executed by the said Eddie M. Jewell, duly attested and witnessed; that the same was duly mailed to and received by the said insurance company; and setting forth other facts and circumstances in connection with the alleged change of beneficiary, and particularly the following:

"This respondent, further answering, says that on the 26th day of May, 1906, the said Eddie M. Jewell was shot, and lived thereafter until the 2d day of June, 1906, on which day he died; that from the date upon which he was shot until the date of his death he was seriously ill; that during his said illness he requested that the said policy in question be turned over to his wife, and that it was his express will and desire that she, his wife, now this respondent, should have the full amount of the proceeds of said policy in the event of his death; that during the time of his said illness the said Mrs. C. D. Frink stated that she was perfectly willing for the amount of said policy to be turned over to his wife, now this respondent; that the said Mrs. C. D. Frink soon after his death often said that she was glad that the said policy was changed and left to be paid to his wife, now this respondent, for the reason, as she, the said Mrs. C. D. Frink, stated, that she (the said Mrs. C. D. Frink) well knew that she, Mrs. Jessie M. Jewell, would thereby be well provided for, and further stated that under no circumstances would she (Mrs. C. D. Frink) interpose claim to said policy."

On the 27th day of April, the complainant filed replications to the answers of Mrs. Jessie M. Jewell and Mrs. C. D. Frink and her husband. On the 5th day of May, Mr. and Mrs. C. D. Frink filed a paper styled "a replication" to the answer of Mrs. Jewell, putting the same in issue as to facts. On the 4th day of June, 1909, counsel for C. D. Frink and Mrs. C. D. Frink filed a notice, directed to the counsel for Mrs. Jessie M. Jewell, that on Friday, June 11th, the case would be called up for final hearing, and counsel at the same time made affidavit that he had mailed a copy of said notice to counsel for Mrs. Jewell. On the 29th day of June the case was taken up for final hearing, and thereupon the solicitor for Mrs. C. D. Frink filed certain exhibits in' support of the claims of the said Mrs. Frink, and the court decreed as follows:

"This cause coming on for final hearing upon bill of complaint, and answers and amended answers by the defendants C. D. Frink and Mrs. C. D. Frink, and answers and amended answers by the defendant Jessie M. Jewell, and upon replication of the complainant to said answers and amended answers, the court, after consideration of same, and after argument made by solicitor for the defendants C. D. Frink and Mrs. C. D. Frink, it appearing that due and timely notice had been served upon the defendant Jessie M. Jewell, and her solicitor of record, W. W. Flournoy, of this hearing, and it further appearing that this court had heretofore made an order allowing the complainant to require the defendants C. D. Frink and Mrs. C. D. Frink and Jessie M. Jewell to interplead, and that the complainant, the said State Life Insurance Company, should pay into the registry of this court the amount due upon the policy of insurance, the subject-matter of this suit, and it further appearing that said complainant, the State Life Insurance Company, did on the 17th day of March, 1909, pay into the registry of this court the sum of six thousand and forty-four dollars ($6,044), the same being the principal and interest due on said policy to said date, the court, after consideration of said bill, answers, and amended answers, and replication thereto, after argument on behalf of the solicitor for the defendants C. D. Frink and Mrs. C. D. Frink, being advised of its opinion, it is hereby ordered, adjudged, and decreed: First, that the State Life Insurance Company, the complainant, having paid the proceeds of the policy into the registry of the court, as per order of this court, they, the said State Life Insurance Company, are discharged from further liability to any of the parties to this suit; second, that the defendant Mrs. C. D. Frink, the beneficiary named

in said policy, is entitled to the proceeds of the said policy of insurance; third, that the clerk of this court shall pay over to J. W. Kehoe, solicitor of record for the defendants, C. D. Frink and Mrs. C. D. Frink, the full sum of six thousand and forty-four dollars ($6,044), less the costs in her behalf expended, and take his receipt therefor; fourth, that the costs of these proceedings be and they are hereby taxed against the defendants C. D. Frink and his wife, Mrs. C. D. Frink. Done and ordered and decreed at chambers, in the city of Pensacola, state of Florida, on this the 29th day of June, 1909.

"Wm. B. Sheppard, Judge."

With this full history of the pleadings and proceedings, it is apparent that at the time of the alleged final hearing the case, while ready for a decree between the complainant and the two defendants, was not ripe for final hearing and decree between the contesting defendants, unless, indeed, the defendants Frink had withdrawn their replication to Mrs. Jewell's answer. Mrs. Jewell's answer sets up facts which she was entitled to prove and have the benefit of. When it was put at issue by the complainant April 27, 1909, and the contesting defendant Frink on May 5, 1909, Mrs. Jewell had three months thereafter in which to take evidence to prove the facts alleged in her answer. Equity rule 69. This time does not appear to have been waived.

Counsel for appellees Frink contends that the court can decree the complainant's right to interplead and the claimant's right to the fund, at the same time citing 11 Enc. Pl. & Pr. This can only be true when the case is ripe for hearing and decision. See 11 Enc. Pl. & Pr. 473.

Counsel for same appellees say in their brief:

"The burden of the proof was upon Jessie M. Jewell, the interposing claimant. She offered nothing to support the allegations of her answer, and the allegations of her answer, even had they been supported by proof, or even taken or accepted as true, were not sufficient to warrant the court in making a decree in her favor."

The last part of this excerpt non sequitur.

The decree appealed from should be reversed, and the cause remanded, with instructions to fix a reasonable time within which parties shall take their evidence and thereafter proceed according to equity and good conscience.

And it is so ordered