## In re PROBST.

### (Circuit Court of Appeals, Second Circuit.  May 12, 1913.)

#### No. 228.

BANKRUPTCY (§ 117*)—CONTEMPT—MISAPPROPRIATION OF FUNDS—PUNISHMENT—JURISDICTION.

> Rev. St. § 725 (U. S. Comp. St. 1901, p. 583), limits the jurisdiction of federal courts to punish for contempt, for misbehavior of any person in their presence or so near as to obstruct justice, to the misbehavior of any of the officers of the courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, decree, or command of the courts. *Held*, that where, after bankruptcy adjudication, the bankrupt, while holding assets subject to the order of the court, sold a portion thereof and appropriated the proceeds to his own use, but not in violation of any order, the bankruptcy court had no jurisdiction to punish him for contempt.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 167, 624; Dec. Dig. § 117.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy proceedings of Henry W. Probst. On bankrupt's petition to revise an order of the District Court adjudging him guilty of contempt and fining him $100. Reversed.

E. Endelman, of New York City, for petitioner.
G. E. Quigley, of Union Hill, N. J., for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. One Kasper and another, creditors of the bankrupt, began an action against him in the City Court. Shortly thereafter a petition in involuntary bankruptcy was filed against him. No

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

receiver was appointed. The bankrupt applied to the bankruptcy court for an order staying the action in the City Court, stating that he was in possession of all the assets listed in his schedules, including the amounts due him on outstanding accounts, and that he was holding the same subject to the orders of the court. The bankruptcy court thereupon on March 11, 1911, made an order staying proceedings in the City Court case for 12 months after adjudication in bankruptcy. Subsequently in the summer of 1912 it appeared upon an examination of the bankrupt that after holding such assets for a considerable time he collected bills receivable and sold a few pieces of furniture, amounting altogether to a sum between $100 and $200, and thereupon, without any application to the court as to what disposition should be made of this money, he appropriated it to his own use and spent it for living expenses. Upon these facts the creditors applied for the order adjudging him to be in contempt, which is now the subject of review.

Generally speaking the misappropriation and dissipation by the bankrupt of funds in custody of the court which he has promised to hold subject to its order might fairly be considered a contempt of court. The difficulty here, however, is that the power of the federal District Courts to punish contempts has been so circumscribed by Congress that it can be exercised only in the cases enumerated in section 725, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 583). These cases are:

"Misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree, or command of the said courts."

It seems to us that the bankrupt's misappropriation of the money in his hands is not within the first of these clauses, "misbehavior in the presence of the court, or so near thereto as to obstruct the administration of justice." He is not an "officer of the court" who has misbehaved in his official transactions. Our attention has been called to no writ, process, order, rule, decree, or command of the court which he has disobeyed. Had an order been made directing him to pay the amount of the misappropriated money into the registry of the court, and he had disobeyed such order, he would be within the provisions of the section; but on the record presented here we cannot find authority for the entry of the order sought to be reviewed. This may be a highly technical ruling; but where Congress has been so industrious to restrict the natural inherent powers of a federal court, scrupulous attention to the limitations it has imposed would seem to be the proper course.

Whether the conduct of the bankrupt can be regarded as constituting a concealment of assets, such as would prevent him from getting a discharge under section 14, and might make him liable to punishment under section 20 of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 550, 551 [U. S. Comp. St. 1901, pp. 3427, 3430]), are questions not now before us.

The order is reversed.