## In re BOYD.

(District Court, E. D. Tennessee, S. D.   June 8, 1915.)

### No. 1868.

1. BANKRUPTCY ⬤═229—CONTEMPTS—RESISTANCE OF ORDERS OF REFEREE—"RESIST."

Bankr. Act July 1, 1898, c. 541, § 41, 30 Stat. 556 (Comp. St. 1913, § 9625), provides that a person shall not, in proceedings before a referee, disobey or resist any lawful order, process, or writ, and that the referee shall certify the facts to the judge, if any person shall do any of the things thereby forbidden, and the judge shall thereupon in a summary manner hear the evidence as to the acts complained of, and, if it warrants him in so doing, punish such person as for a contempt committed before the court of bankruptcy. *Held* that, where a referee orders the trustee to sell property at private sale, the act of inducing a person who has bid upon the property to withdraw his bid before the sale is closed for a secret consideration, in order that the property may be bid in at a lower price by another, is a resistance to such order, as distinguished from a direct disobedience, and is punishable as a contempt, since it defeats the order of the referee pro tanto, and frustrates its primary purpose of having the property sold to the highest bidder, and "resist" means to withstand; oppose, passively or actively; antagonize; act against; or exert physical or moral force in opposition to.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. ⬤═229.

For other definitions, see Words and Phrases, First and Second Series, Resist.]

2. BANKRUPTCY ⬤═229—CONTEMPTS—PURGING BY OATH.

Bankr. Act, § 41, providing that, upon a certificate by the referee that any person has done any of the things thereby forbidden, the judge shall in a summary manner hear the evidence as to the acts complained of, requires a hearing as to the facts, and by necessary implication excludes any inference that the alleged contemnor is to be purged merely by denial upon oath.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. ⬤═229.]

3. BANKRUPTCY ⬤═229—CONTEMPTS—PUNISHMENT.

Judicial Code (Act March 3, 1911, c. 231) § 268, 36 Stat. 1163 (Comp. St. 1913, § 1245), provides that courts of the United States have power to punish by fine or imprisonment contempts of their authority. A referee in bankruptcy having ordered a private sale of the bankrupt's property, the bankrupt and a member of a firm of creditors consciously and deliberately participated in the act of inducing a bidder to withdraw his bid, in consideration of $200 to be paid him, to enable such firm of creditors to buy the property at a lower price, primarily for the benefit of the bankrupt, and secondarily for the benefit of such creditors. *Held* that, in view of the lack of general knowledge in the community that conduct of this kind constituted contempt, the ends of justice would be sufficiently met by the imposition of a suitable fine, and the offenders would each be fined $100, together with all incidental costs.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. ⬤═229.]

In Bankruptcy. In the matter of J. H. Boyd, bankrupt. On certificate of the referee charging the bankrupts and others with contempt.

Order entered discharging one of the defendants, fining two other defendants, and continuing the proceeding as to a fourth defendant.

The referee in bankruptcy filed a certificate in general accordance with section 41b of the Bankruptcy Act, setting forth an alleged contempt committed by Boyd, the bankrupt, Heard, his attorney, Dethridge, the trustee, and one Sawyer, in connection with inducing one Coplan, who had submitted a bid to the trustee on the property of the bankrupt estate, being sold at private sale under order of the referee, to withdraw his bid, upon the promise of a money consideration, in order that such property might be bought at a lower price by the firm of which said Sawyer was a member, a creditor of the bankrupt. Upon this certificate the District Judge entered a rule to show cause against the alleged contemnors, designating therein the United States Attorney to appear and conduct the proceedings against them. The several alleged contemnors appeared, filed sworn answers in denial, and before and after filing such answers entered severally various motions to dismiss the proceedings for want of jurisdiction and by reason of their sworn denials. Final ruling on these motions was reserved by the judge at the time; and oral testimony heard before him as to the merits of the controversy, except as to the defendant Heard, who was granted a continuance on account of illness.

Lewis M. Coleman, U. S. Atty., of Chattanooga, Tenn., for prosecution.

Thomas S. Myers, of Chattanooga, Tenn., for bankrupt.

Floyd Estill, of Winchester, Tenn., for alleged contemnors Heard and Dethridge.

Louis Leftwich, of Nashville, Tenn., for alleged contemnor Sawyer.

SANFORD, District Judge. After careful consideration, I have reached the following conclusions:

[1] 1. Where a referee in bankruptcy proceedings has ordered the trustee to sell property of the bankrupt estate at private sale, the act of inducing a person who has bid upon the property to withdraw his bid before the sale is closed, for a secret consideration, in order that the property may be bid in at a lower price by another, is a resistance of a lawful order of the referee in proceedings before him, within the meaning of section 41 of the Bankruptcy Act, providing that:

"A person shall not, in proceedings before a referee, (1) disobey or resist any lawful order, process, or writ."

The effect of the order of the referee is that the trustee shall sell the property to the highest bidder. The buying off of one bidder in order that the property shall not realize the highest price, but shall be bid in at a lower price by another, to the prejudice of the bankrupt estate, is an act which pro tanto defeats the order of the referee and frustrates its primary purpose of having the property sold to the highest bidder. The first definition of the verb "resist," as given in the Century Dictionary, is:

"To withstand; oppose, passively or actively; antagonize; act against; exert physical or moral force in opposition to."

I am constrained to conclude that to secretly buy off an actual bidder at such trustee's sale is an act in opposition to the order of the referee directing the sale, which impedes the trustee in its execution and partially frustrates its primary purpose, and that hence it is properly to be regarded as a resistance thereto, as distinguished from a direct disobedience, coming within both the letter and the spirit of this inhibition of the Bankruptcy Act. And see, by analogy, Quidnick Co. v. Chafee, 13 R. I. 367, 422, 431, and 9 Cyc. 20, note 94, to the effect that withdrawing an offer to bid at a trustee's sale may constitute a contempt of court. The case of In re Probst (2d Circ.) 205 Fed. 512, 123 C. C. A. 580, in which no order had been made by the referee, is not in conflict with this conclusion, and is furthermore itself not in harmony with the earlier case of Clay v. Waters (8th Circ.) 178 Fed. 385, 101 C. C. A. 645, 21 Ann. Cas. 897; the effect of this section of the Bankruptcy Act, however, not having been called to the attention of the court or considered in either of these cases.

Clause "b" of this section of the act further provides that if any person shall do any of the things forbidden therein the referee shall certify the facts to the judge, who shall, after a hearing, if the evidence so warrants, "punish such person in the same manner and to the same extent as for a contempt committed before the court of bankruptcy."

I am hence of opinion that the motions of the several defendants to dismiss these proceedings on the ground, in effect, that the referee's certificate, which was duly filed under this clause, fails to show any acts on their part rendering them guilty of contempt or which can properly be certified to the judge under this section of the Act, are not well taken.

[2] 2. I am likewise of opinion that the alleged contemnors are not purged by their sworn answers in denial. To what extent the doctrine of purgation now applies in cases of criminal or civil contempt, or in common law or equitable proceedings, need not now be determined. See United States v. Shipp, 203 U. S. 563, 27 Sup. Ct. 165, 51 L. Ed. 319, 8 Ann. Cas. 265; United States v. Anonymous (C. C.) 21 Fed. 761; United States v. Sweeney (C. C.) 95 Fed. 434; Employers' Co. v. Teamsters' Council (C. C.) 141 Fed. 679; In re Fellerman (D. C.) 149 Fed. 244; United States v. Debs (C. C.) 64 Fed. 724; Coleman v. State, 121 Tenn. 1, 113 S. W. 1045, and cases therein cited. Independently of any general rule upon this subject, it is specifically provided by clause b of this section of the Bankruptcy Act that, upon a certificate by the referee that any person has done any of the things therein forbidden, "the judge shall thereupon, in a summary manner, hear the evidence as to the acts complained of." This provision clearly requires a hearing as to the facts, and, in my opinion, by necessary implication excludes any inference that in such case the alleged contemnor is to be purged merely by denial upon oath The motions of the several defendants to dismiss the proceedings because of the filing of their sworn answers are hence, in my opinion, not well taken.

[3] 3. On the merits of the case, as stated at the hearing, I am of

opinion that under all the evidence a case has not been made against the alleged contemnor Dethridge, the trustee. But I am, after careful consideration of all the evidence, satisfied beyond a reasonable doubt that the alleged contemnors Boyd and Sawyer consciously and deliberately participated in the act of inducing Coplan to withdraw his bid, in consideration of $200 to be paid him, thereby enabling the Kornam Sawyer Co. to buy the property at a lower price, primarily for the benefit of Boyd, and secondarily for the benefit of the company.

4. Under all the circumstances, however, I am of opinion, especially in view of the fact that this is apparently the first case of this character to come before the courts, and there was, I think, no general knowledge in the community that conduct of this kind constituted contempt of the authority of the referee, that the ends of justice will be sufficiently met by the imposition of a suitable fine, as authorized by section 268 of the Judicial Code, with costs.

5. An order will accordingly be entered overruling the several motions of the defendants to dismiss the proceedings; discharging the defendant Dethridge; adjudging that the defendants Boyd and Sawyer have resisted an order of the referee in proceedings before him, and that each of them pay the United States of America a fine of one hundred dollars, together with all costs incident to the making of each of them a party to this proceeding; and on the application of the defendant Heard, and on account of his illness, continuing this proceeding as to him for hearing on pleadings and proof at a time and place to be hereafter designated by the court upon application of the parties.