## KANDLE et al. v. UNITED STATES.

(Circuit Court of Appeals. Third Circuit. March 2, 1925.)

### No. 3212.

**1. Courts ⬤⟿332—Equity rules promulgated by Supreme Court have force and effect of law and apply to proceedings to abate liquor nuisance.**

Equity rules promulgated by Supreme Court under Rev. St. §§ 862, 917 (Comp. St. §§ 1470, 1543), have force and effect of law and are applicable to cases brought under National Prohibition Act for abatement of liquor nuisances.

**2. United States ⬤⟿124—United States as litigant does not have attribute of sovereignty, but stands as ordinary suitor subject to equity rules.**

When the United States becomes a party litigant, it divests itself of sovereignty and stands as ordinary suitor, bound by equity rules as are other litigants.

**3. Courts ⬤⟿350—Time for application for taking of deposition under equity rule, stated.**

Under equity rules 47 and 56, plaintiff's application to take depositions must be made in time for taking and filing of such depositions before lapse of 60 days from time cause is at issue.

**4. Courts ⬤⟿352—In absence of application for taking of deposition, cause may be tried as soon as it is at issue.**

Under equity rules 47 and 56, if no application to take depositions is made, case may be put on trial calendar as soon as cause is at issue.

**5. Courts ⬤⟿352—Placing suit to abate nuisance on trial calendar before expiration of time for taking depositions held not error.**

In proceedings under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) to abate liquor nuisance, where neither party made or intended to make application to take deposition, it was not error to place case on trial calendar before time for taking and filing depositions had expired.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Suit to abate liquor nuisance by the United States against Aaron Kandle and the Paramount Realty Company. Decree for the United States, and defendants appeal. Affirmed.

Harold Simandl, of Newark, N. J., for appellant Kandle.

James Lafferty and Porter, Zink & Lafferty, all of Newark, N. J., for appellant Paramount Realty Co.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, of Hoboken, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The United States attorney for the district of New Jersey filed a bill of complaint against Aaron Kandle and the Paramount Realty Company for maintaining a public and common nuisance at No. 557 Market street, Newark, N. J., in that they manufactured, kept, and sold intoxicating liquor there in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Answers were filed by the defendants, and the case,

being at issue, was placed upon the trial calendar. The defendants objected to a trial at that time and moved to withdraw the case from the trial calendar on the ground that it could not be tried until the time for taking and filing depositions under equity rule 47 had expired, although admittedly neither party had made, nor intended to make, an application to take depositions. Rule 47 provides that "the court, upon application of either party, when allowed by statute, or for good and exceptional cause for departing from the general rule, to be shown by affidavit, may permit the deposition of named witnesses, to be used before the court or upon a reference to a master, to be taken before an examiner or other named officer, upon the notice and terms specified in the order." Depositions of the plaintiff must be taken within 60 days from the time the cause is at issue, those of the defendant within 30 days from the expiration of the time for the filing of the plaintiff's depositions, and rebutting depositions by either party within 20 days thereafter. Rule 56 provides that after the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar. In other words, defendants say that there must be a delay of 110 days after the cause is at issue before it may be placed on the trial calendar.

[1, 2] The mode of proof in causes in equity and of taking and obtaining evidence in federal courts shall be according to rules prescribed by the Supreme Court. Section 862, Revised Statutes of the United States (United States Compiled Statutes, § 1470); section 917, Revised Statutes of the United States (United States Compiled Statutes, § 1543). The rules in question were promulgated on November 4, 1912. They have the force and effect of law and may not be disregarded. American Graphophone Co. v. National Phonograph Co. (C. C.) 127 F. 349. When the United States becomes a party litigant, it divests itself of sovereignty and stands as any ordinary suitor before the court and is bound by these rules. United States v. Barber Lumber Co. (C. C.) 169 F. 184. These equity rules are applicable to cases brought under the National Prohibition Act for the abatement of nuisances. Grossman v. United States (C. C. A.) 280 F. 683.

The real question is: What do these two rules mean? The defendants say that their operation as to the time for taking and filing depositions and placing cases on the trial calendar is absolute and automatic. They rely on Jewell v. State Life Insurance Co.

of Indianapolis, 176 F. 64, 99 C. C. A. 372, and Quinlivan v. Dail-Overland Co. (C. C. A.) 274 F. 56, 65. The opinions in these cases contain expressions which seemingly support their contention. The first case was decided under rule 69, which was promulgated in 1842, when the general rule was not to take testimony orally in open court but before masters. Rule 69 of the old rules allowed three months and no more for the taking of testimony. In the second case cited, the question before us was not under consideration. The court recitatively stated the provision of the present rule 56 as to when a case shall be placed on the trial calendar without any attempt to construe it.

[3-5] Under the old rule and practice of taking testimony out of court, rule 69 came automatically into operation as soon as the cause was at issue, and a case could not be placed on the trial calendar until the time and opportunity thus provided for taking testimony had expired. Litigants now take testimony in open court at the trial, and there is no need of delaying the trial as was necessary under the old rules. The change in the method of taking testimony was made in order to expedite litigation. This new rule prevails, unless some exceptional cause arises to prevent it. If such cause arises, it must be shown by affidavit upon application of either party to take depositions of "named witnesses." If no application is made, neither of the rules, 47 and 56, becomes operative and testimony is taken in open court. Rule 47 is silent as to when application shall be made. It must be made, however, before a trial is had and in time for the plaintiff to take and file his depositions within 60 days from the time the cause is at issue. The plaintiff may not delay, therefore, 60 days before making the application. If application is not made, the case may be put on the trial calendar as soon as the cause is at issue, and tried at any time. But a trial may be prevented before the expiration of the time provided for taking and filing depositions by an application of either party showing the necessary facts.

When considering the motion to remove the case from the trial calendar, Judge Rellstab asked if either party had made or intended to make an application to take depositions. Both parties stated that no application had been made and that they did not intend to make any. Thereupon he declined to remove the case from the trial calendar, and we do not think that he committed error.

The decree is affirmed.