## UNITED STATES v. LENTO et al.

(District Court, E. D. New York. August 13, 1925.)

Intoxicating liquors ⚖=278—Opening default in proceedings to abate liquor nuisance to permit infants to intervene and claim interest in premises held not required.

In proceedings to abate liquor nuisance, opening default to permit infants claiming interest in premises to intervene and defend *held* not required, in view of rule that owner of premises is not necessarily party, and particularly not if continued unlawful sales on premises were established, notwithstanding contemplated sale of premises in pending partition action in state court.

Proceeding by the United States against Louis Lento and others to abate a liquor nuisance. On motion to open default of defendants, and permit Amelio Lento and others, infants, claiming an interest in the premises, to intervene and defend. Motion denied, with leave to submit further application without prejudice.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Irwin Longworth, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Joseph Gans, of New York City, for defendants.

GARVIN, District Judge. This is a motion to open the default of the defendants herein, and to permit four infants, Amelio, Alphonse, Guiseppi, and Ida Lento, to be permitted to intervene as defendants herein, and permit them to defend the action. An affidavit is submitted by their mother, which sets forth that the infants are the owners, by descent of their father, of a one-half interest in the premises, 7202 Third avenue, Brooklyn, N. Y., at which their late father operated a licensed liquor saloon.

It is alleged that the defendants Gabriela Lento and Caspar Iba were both dead before this action was begun. Apparently the father of the infants is the defendant Gabriela Lento, but, in view of the fact that the authorities hold that the owner of the premises is not a necessary party to an action in equity brought under the National Prohibition Law to close nuisances, it does not appear to me that there is any reason for the court taking action.

I have carefully considered the allegations that a partition action is pending in the state court and that a purchaser has been secured, but so long as the National Prohibition Law has not been repealed those who deal in real property must inform themselves where any injunction proceeding is pending when they contemplate purchasing any premises. If the father of the infants were living, it would be no answer to a proceeding brought under the National Prohibition Law to set forth that these children are without means and need the income from the premises in question.

I have considered the claim that several of the parties had died at the time of the entry of the decree, but meanwhile a charge was made that the National Prohibition Law was still being violated in the premises. I held a hearing, at which one of agents of the Prohibition Enforcement Department repeated the charges. I directed him to file an affidavit. That has not been submitted to me. I have therefore concluded to deny the motion, but with leave to submit the application to another judge without prejudice.

It is my opinion, however, that such a motion should not be entertained, if intoxicating liquor is actually being sold on the property.