## UNITED STATES v. MILLER et al.

District Court, S. D. Texas, at Houston.
April 12, 1929.

No. 336.

Howell Ward, Asst. U. S. Dist. Atty., of Houston, Tex.

Henry J. Dannenbaum, of Houston, Tex., for John Mendelowitz.

HUTCHESON, District Judge. This is a bill in equity to abate a nuisance. The evidence establishes that, at the time of the filing of the bill and the issuance of the order for temporary injunction, a nuisance was being maintained upon the premises in question.

There is no evidence that the owner, John Mendelowitz, had any complicity in this unlawful action, but, on the contrary, the facts are that he rented the property to the defendant Miller for residence purposes, and had no knowledge that Miller was conducting the premises contrary to law.

It was further in evidence that the defendant Miller entered a plea of guilty in this court on July 25, upon a case made against her on June 20. On July 11 this bill was filed and temporary injunction was issued.

The defendant Mendelowitz, on June 21, after the raid of the 20th, heard of the violation and demanded that his tenants vacate, but nothing was done legally to eject her from the premises prior to the filing of this suit on July 11, or prior to her plea of guilty on July 25, but shortly after these dates the defendant Miller vacated the premises and the defendant Mendelowitz has made every effort to keep and has kept only reliable tenants in said premises since, while at this hearing on the merits, which was had many months after the granting of the preliminary writ, no evidence was offered to show either the continuance, or ground to apprehend the continuance, of the nuisance.

Upon these facts the government insists that it should have a decree for permanent injunction with a padlock order, or in lieu thereof, that the defendant be required to make the statutory bond.

Defendant insists that, since "the purpose of the provision * * * authorizing an injunction against occupancy and use is not punitive but preventive" (Murphy v. U. S., 272 U. S. 630, 47 S. Ct. 218, 71 L. Ed. 446; Grosfield v. U. S., 276 U. S. 495, 48 S. Ct. 329, 72 L. Ed. 670), and since the evidence shows that there is no reasonable ground for apprehending the repetition of such use, the injunction ought to be denied.

That the suit is simply a suit in equity and to be decided upon considerations obtaining in such suits is perfectly clear, and that the court should determine the matter of final injunction upon considerations of prevention and not punishment is also clear.

Applying these principles to the facts of this case, I can find no warrant for the belief that, as to John Mendelowitz, the nuisance is still existing, or to be apprehended in future, and the injunction prayed for will therefore as to him be denied.

Let a decree be entered in this case denying the injunction as to the landlord, making it permanent as to the other defendants, and taxing the costs of this proceeding against the landlord, since the government had full cause to bring the suit, and guilty knowledge on the part of the landlord is not a necessary prerequisite to its prosecution. Grosfield v. United States, 276 U. S. 498, 48 S. Ct. 329, 72 L. Ed. 670.