### In re PAYMAN.

District Court, E. D. New York. December 31, 1929.

Sidney Wedeen, of New York City, for petitioning creditors.

Charles Struckler and Sidney J. Levine, both of New York City (Jay Leo Rothschild, of New York City, of counsel), for respondents.

GALSTON, District Judge. This is a motion to punish the respondents, Charles Struckler and Sidney J. Levine, for contempt of court, and for an order requiring them to pay over to the United States Marshal or the Clerk of this court, or such other person as the court may designate, a sum of money equivalent to that alleged to have been distributed by them wrongfully.

On November 13, 1929, the petition in bankruptcy was filed herein. At or about that time and for some time thereafter the respondents, as the attorneys for the bankrupt, had in their possession $1,000, representing the proceeds of sale of two haberdashery stores which had been owned by the bankrupt. Despite the fact that they had notice of the filing of the petition in bankruptcy, these respondents distributed to creditors of the alleged bankrupt a 14 per cent. dividend, aggregating $800, and retained $200 as their fee.

The situation thus presented is amazing in all its aspects. The respondents as practicing attorneys should certainly have known that the exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition in bankruptcy. Mueller v. Nugent, 184 U. S. 2, 22 S. Ct. 269, 46 L. Ed. 405. The filing of a petition in bankruptcy is a caveat to all the world, and in fact an attachment and injunction. May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870; In re Eddy (D. C.) 279 F. 919. Despite this well-understood doctrine, these respondents, by acting in defiance of the law, assumed the functions of court, ref-

eree, receiver, trustee, attorney for trustee, approved claims, and paid dividends and allowances. They sought to foreclose the court itself from acting in these proceedings.

In their behalf it is urged that they are young and inexperienced, and also that they violated no writ, process, order, rule, or decree or language of the court. So much may be granted, and on the authority of In re Probst (C. C. A.) 205 F. 512, the motion to punish for contempt must be deemed premature.

However, in the circumstances the respondents are directed to pay over to James Amedi, Esquire, who will be appointed by order herein as receiver of the alleged bankrupt, a sum of money equal to the proceeds of sale of the two haberdashery stores in question, together with any and all other moneys which came into their hands belonging to the bankrupt since the filing of the petition herein. In the event that said sums are not so paid to the said receiver to be appointed, within 10 days from the entry of the order, further relief may be applied for by any party in interest herein.

Submit order.