## PAVEY v. A. C. ALLYN & CO. et al.

District Court, S. D. New York.

Aug. 21, 1930.

Chapman & Cutler, of Chicago, Ill. (David B. Landis, of New York City, of counsel), for the motion.

Frank D. Pavey, of New York City, pro se.

WOOLSEY, District Judge.

The motion to dismiss the original bill of complaint and the amended bill of complaint on the ground that they do not state a cause of action against A. C. Allyn & Co., sole defendant before this court, is granted to the extent of dismissing the bill without prejudice.

I. This case was removed from the New York Supreme Court for New York county, but there is not, and I think that there could not be, any dispute about the propriety of the removal for the necessary diversity of citizenship exists and the amount involved is adequate.

II. There was an incredible amount of argument on the subject of a change in the caption and I ruled at the argument that the word "Inc." should be left off of A. C. Allyn's name because it is a corporation of Delaware where the use of that word is not required, and, consequently, "Inc." is not properly a part of A. C. Allyn & Co.'s corporate name.

There was also much argument on the question of whether the amended complaint was before me. Without going into the details of this controversy, it is sufficient to state that I ruled at the argument that the amended complaint, which had been filed, should be deemed before me and that the motion to dismiss should be deemed to be addressed to it as well as to the original complaint.

Consequently, I am dealing with the motion on that basis.

III. A motion to dismiss of this kind is, of course, equivalent to a demurrer, and must be dealt with on the basis that the allegations of the complaint are admitted.

The question here, therefore, is whether the allegations show a cause of action against A. C. Allyn & Co. which alone of the defendants named is now before the court.

Frank D. Pavey, plaintiff herein, is a citizen of New York.

A. C. Allyn & Co., sole defendant named, is a Delaware corporation.

The Great Lakes Terminal Warehouse Company of Toledo is a corporation of the state of Ohio. It was originally served in the state court proceeding by service on a director of that company in New York.

A motion made before the New York Supreme Court to set aside this service had not been decided when the case was removed to this court on a petition filed both by A. C. Allyn & Co. and the Great Lakes Terminal Warehouse Company of Toledo.

After removal, the motion was renewed and granted by Judge Grubb, sitting in this court as visiting judge under proper designation.

The Fidelity Trust Company, so far as appears, has never been served either here or in the state court.

Thus the controversy was left, so far as personal jurisdiction is concerned, with Frank D. Pavey as plaintiff, and A. C. Allyn & Co., a Delaware corporation, hereinafter called Allyn, as defendant, and that is the status of the case as it comes before me on this motion.

IV. The plaintiff is alleged to be the owner of $16,000 of bonds issued by the Great Lakes Terminal Warehouse Company of Toledo, under an indenture by which the Fidelity Trust Company, of Detroit, Mich., was made trustee.

The complaint alleges in effect a conspiracy, led by Allyn, to defraud the plaintiff and other bondholders in like situation of the security underlying these bonds by not using the proceeds of the sale of the bonds in the manner and for the purposes provided by the indenture, and, among other things, by turning over a part of such proceeds to a company called the Great Lakes Terminal Warehouse Company of Detroit, which is alleged to be controlled by Allyn and to have been insolvent when the money was turned over to it.

The basis of the claim on which an accounting is asked by the plaintiff is that Allyn controlled both the Great Lakes Terminal

Warehouse Company of Toledo, hereinafter called the Toledo Company, and the Great Lakes Terminal Warehouse Company of Detroit, hereinafter called the Detroit Company, and that it permitted the Toledo Company to divert funds to the Detroit Company.

The papers before me show that the bonds owned and held by the plaintiff were bought by him from the firm of Redmond & Co. who were bankers associated with Allyn in the sale of bonds of the Toledo Company.

The complaint merely alleges that the plaintiff purchased the bonds relying on certain representations by Allyn. It does not appear, therefore, that there was any contract made by the plaintiff with Redmond & Co. or Allyn for the purchase of the bonds, and for aught that appears the plaintiff may have bought the bonds for cash across a counter.

It is difficult to see how a fiduciary relationship can be spelled out of the situation so far. For, apparently, the parties were dealing at arm's length. Up to this point, therefore, obviously the plaintiff was not entitled to any accounting from Allyn. Cf. Beaver Board Companies v. Imbrie (D. C.) 275 F. 431, 437.

But the plaintiff does not stop with the purchase of his bonds. He alleges that Allyn "controlled" the Toledo Company and the Detroit Company, the alleged insolvent corporation above mentioned, and that through this control succeeded in wasting the assets which were security for the plaintiff's bonds and in diverting the funds from the Toledo Company to the Detroit Company.

The bald statement of "control" by Allyn, even if it could be deemed sufficient standing alone without any supporting allegations of fact, is entirely destroyed by the plaintiff's subsequent allegations.

The complaint predicates this "control" on the fact that one of the officers of Allyn, which it must always be remembered, is a Delaware corporation, was on the directorate of the Toledo Company.

The fact that an incorporated banking house, by its personal influence or owing to lively hopes of assistance in the future, is able to affect the policies of another company does not give it control in the legal sense. Even equity cannot deal with such imponderables.

Here there is not any allegation of any stock ownership by Allyn in the Detroit Company which might constitute real control. The strongest case which has been cited or which I have been able to find in any way tending to support the plaintiff's position is the case of Vallery v. Denver & Rio Grande R. Co. et al., 236 F. 176 (C. C. A. 8), but in that case the control shown was an actual stock control by the Denver & Rio Grande Railroad Company in the Colorado Midland Railway, and on that footing a fiduciary relationship was found and the right to an accounting was given to the receiver of the Colorado Midland Railway, as representing its creditors. Cf. Vallery v. Denver & Rio Grande R. Co. (C. C. A.) 236 F. 180, 181.

I think, therefore, that the complaint does not state ground for an accounting by Allyn to the plaintiff.

█ V. If, however, I am wrong about this there is a fatal defect to the bill because indispensable parties are lacking.

The prayer of the amended complaint, indicating the relief sought in pursuance of the accounting, is as follows: "Wherefore, the plaintiff demands that the said defendants, A. C. Allyn & Company and Great Lakes Terminal Warehouse Company of Toledo and the said Fidelity Trust Company, in its capacity as trustee under said mortgage or deed of trust, and each of them account to this plaintiff, and to such other holders of the first mortgage bonds of the Great Lakes Terminal Warehouse Company of Toledo as may come in and contribute to the expenses of this action, for all their acts and the acts of each of them done under cover of said mortgage or deed of trust and the agreements or contracts therein mentioned and for the proceeds of the sale of all first mortgage bonds issued under said mortgage or deed of trust and for all acts which they have committed or permitted in respect to the disposition of said mortgage bonds and the proceeds of their sale and that the defendants A. C. Allyn & Company and Fidelity Trust Company (word apparently omitted) and/or restore to the defendant Great Lakes Terminal Warehouse Company of Toledo any and all proceeds of the sale of said first mortgage bonds for the waste or wrongful use of which they are responsible and legally liable, and that the said A. C. Allyn & Company and Fidelity Trust Company pay the costs and disbursements of the action, and that the plaintiff may be granted such other and further relief as may be just."

If these parties were being sued at common law for a tort, perhaps the action would be maintainable against Allyn alone, but this is a suit for an accounting as between

562

the defendants who are in effect alleged by the plaintiff to be conspirators. The plaintiff finds his locus standi herein solely because he is a bondholder of bonds of the Toledo Company, a corporation of Ohio, under which the Fidelity Trust Company, a corporation of Michigan, is trustee, and which were sold to him by Allyn, a corporation of Delaware.

The plaintiff's first thought was right when he joined all the defendants named in his complaint. The mortgagor with which he has a contract, evidenced by his bonds, and the trustee, who owes him and the other bondholders a fiduciary duty, must be parties to any case predicated on such allegations as are herein contained.

The plaintiff's retreat, ex necessitate, because he could not hold jurisdiction over the mortgagor, to a position that Allyn may now be sued alone is not a position which can successfully be maintained. Cf. Redfield v. Baltimore & Ohio R. Co. (C. C.) 124 F. 929, 931; Consolidated Water Co. v. Babcock (C. C.) 76 F. 243, 249, 251; Lawrence v. Southern Pacific Co. (C. C.) 180 F. 822, 830; Egyptian Novaculite Co. v. Stevenson, 8 F. (2d) 576, 580 (C. C. A. 8).

In a suit of this kind, therefore, the Toledo Company and the Fidelity Trust Company are indispensable parties as the prayer of the amended complaint shows.

VI. I should give the plaintiff the right again to amend his complaint if all the necessary parties were before this court. But they are not, and, so far as appears, personal jurisdiction of them cannot be here obtained.

Consequently, to allow another amendment would be futile in my view of the case and would merely mean more interlocutory motions which would again result in the dismissal of the bill because the indispensable parties are lacking.

VII. So far as the case now stands with Allyn as the sole defendant, the situation is either that the plaintiff has sued the wrong party, or that he has not sued all the parties whom he must sue in order to get the relief for which he asks.

So far as this court is concerned, therefore, the case is at an end unless and until the Toledo Company and the Fidelity Trust Company can be served within this jurisdiction.

VIII. A decree providing for the dismissal of this suit, with costs, but without prejudice, may be presented for settlement on two days' notice.