**UNITED STATES v. MATHEWS et al.**

District Court, S. D. New York.
Dec. 13, 1930.

M. Michael Edelstein, of New York City, for the motion.

United States Attorney and Robert B. Watts and E. N. Bishopp, Asst. U. S. Attys., both of New York City.

WOOLSEY, District Judge.

I grant the motion to the extent of dismissing the complaint as against Michael O'Keefe and Anna O'Keefe on the ground that there is not any cause of action stated in the complaint as against them.

I cannot give any broader relief than that, although the motion asks it, because no subpœna has been served on the other defendants, and, consequently, no suit has been brought against them and in respect of them no proceeding is pending in this court.

I. The motion in this case is made for an order dismissing the complaint and vacating the temporary injunction herein on the ground that the complaint does not state a cause of action against Michael O'Keefe or Anna O'Keefe, and—semble—for lack of prosecution.

The docket situation existing, however, precludes any relief in this motion except a dismissal as against Michael O'Keefe and Anna O'Keefe on the ground of no cause of action.

A complaint was filed in the clerk's office on or about the 5th day of May, 1930, which prayed equitable relief by the padlocking of that part of the premises at 54 West 31st street which was leased to the defendants, Stephen Mathews and Harry Spahn, and operated by them as the Clinton Grill, on the ground that they had been guilty of violating the National Prohibition Act (27 USCA), and also asked for an injunction against Mathews and Spahn.

Mrs. Anna O'Keefe is the owner of the fee of the building at 54 West 31st street, part of which only is occupied by the Clinton Grill. Michael O'Keefe is her husband.

The complaint does not allege any illegal act on the part of Michael or Anna O'Keefe, who are merely joined for the purpose of giving them notice of the proceeding against their tenants Mathews and Spahn.

Mrs. O'Keefe was served with a subpœna by the United States marshal.

A writ of injunction issued against the tenants on May 14, 1930, under an order made May 9, 1930, by Judge Bondy for a temporary injunction.

Neither the subpœna in the original suit nor the writ of injunction has been served on Stephen Mathews or Harry Spahn, the tenants in possession of the portion of the building known as Clinton Grill.

No further steps have been taken in the case.

The O'Keefe defendants have not filed any answer. The case is not, therefore, in position to be dismissed for lack of prosecution.

II. The reason why this relief is sought by Mrs. O'Keefe is that there is a mortgage on the property at 54 West 31st street in the sum of $25,000 which falls due on December 15th. Mrs. O'Keefe desires to extend this mortgage and the present suit is claimed by the Lawyers' Title & Guaranty Company to be a cloud on her title, and, unless the suit is dismissed, the Lawyers' Mortgage Company, the mortgagee, states that it must decline to renew the loan.

Although a pending padlock proceeding has been held to constitute a cloud on a title, Goldstein v. Ehrlick, 96 N. J. Eq. 52, 53, 124 A. 761, there is not in this case any pending padlock proceeding for the reasons hereinafter stated.

III. Padlock suits are, of course, equity proceedings and the Equity Rules apply. Kandle et al. v. United States, 4 F.(2d) 183 (C. C. A. 3); United States v. Miller (D. C.) 31 F.(2d) 807.

Equity Rule 13 (28 USCA § 723) reads as follows: "*Manner of Serving Subpœna.* The service of all subpœnas shall be by delivering a copy thereof to the defendant personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of each defendant, with some adult person who is a member of or resident in the family."

In United States v. McCrory et al., 26 F.(2d) 189, at page 191 (C. C. A. 2), Judge A. N. Hand said in referring to an equity padlock proceeding (italics mine): "* * * *Such a suit as the present one must be begun by the service of a subpœna.* * * * The suit is therefore originally *in personam,* and personal service or appearance is the basis of jurisdiction." See, also, United States v. Schwartz (D. C.) 1 F.(2d) 718, 721.

Although the complaint and the petition for the preliminary injunction have been filed in the clerk's office and the subpœna and the writ of injunction lodged with the

marshal, as they have not been served on the defendant tenants Mathews and Spahn, the suit has not yet been begun as against them.

As stated in The Penn Fuel (D. C.) 36 F.(2d) 272, 273, in admiralty, neither the filing of papers in the clerk's office nor the lodging of a process with the marshal constitutes the commencement of a suit.

Service of process on the parties against whom suit is brought is a condition precedent to the pendency of any suit. Until such service has been had such suit is not brought.

It seems to me that this rule must be considered as elementary in Anglo-Saxon law and so must be applied to proceedings under the National Prohibition Act (27 USCA) as well as in other equity proceedings.

■ It seems to me this view is clearly right for it is perfectly obvious that as equity only acts in personam, in the absence of some statutory or equivalent provision for substituted service, equity cannot order a party to do or not to do anything or exercise its sanction of contempt for a disobedience unless he has been personally served. Cf. United States v. Waverly Club (D. C.) 22 F.(2d) 422, 424.

Even in bankruptcy with its stringent provisions for protection of the bankrupt's estate, mere filing of a petition in bankruptcy is not enough, and there cannot be any punishment for contempt for an act antagonistic to the estate until the party sought to be punished has disobeyed some order of the court which has been served on him, or some order made generally effective by the Bankruptcy Act (11 USCA) as an order appointing a receiver. Cf. In re Probst, 205 F. 512 (C. C. A. 2); In the Matter of Marcus Millinery, in Bankruptcy.

■ IV. What I have, therefore, before me are papers filed in the clerk's office in a suit in which the necessary parties, Mathews and Spahn, against whom only relief by padlocking is sought, have not had any suit brought against them because they have not been served with a subpœna—the necessary equity process of the court.

Michael O'Keefe and Anna O'Keefe are named in the complaint on the ground that they are proper parties as the landlords of real offenders, and suit has been brought against them and is now pending. No relief is sought against the O'Keefes, and they are made parties merely for the purpose of giving them notice of the proceedings against their tenants.

It is obvious that, even if the complaint as against Mathews and Spahn was insufficient, as to which I do not express any opinion, I could not dismiss the complaint as against them because, for the reasons above stated, this suit has never been brought against them. Consequently, there is not any proceeding before me which I could dismiss as against them.

There is, however, before me a suit against Michael O'Keefe and Anna O'Keefe, the dismissal of which is a part of the broad relief asked by the motion.

The O'Keefes were undoubtedly proper parties to the proceeding. Engler v. United States, 25 F.(2d) 37, 39 (C. C. A. 8); Denapolis et al. v. United States (C. C. A.) 3 F. (2d) 722, 723; United States v. Lento (D. C.) 8 F.(2d) 432. But a proper party is a luxury which does not amount to much, where as here the necessary party is absent. Cf. Pavey v. Allyn (D. C.) 1 F. Supp. 559. Opinion August 21, 1930. As there is not any cause of action stated against Michael O'Keefe or Anna O'Keefe, it is perfectly appropriate to dismiss the suit as against them.

I do that and that leaves nothing pending in this court though there remains on file in the clerk's office a paper called a complaint against Mathews and Spahn which has not yet risen to the dignity of a pending proceeding against them.

Settle order on two days' notice.