**DENAPOLIS et al. v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit. January 13, 1925. Rehearing Denied February 10, 1925.)

No. 4313.

**1. Jury 14(12)—Provision of National Prohibition Act providing for closing premises unlawfully used is not unconstitutional as denying jury trial.**

National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), providing for suit in equity to close and abate as nuisance premises maintained for purpose of manufacturing and selling intoxicating liquors, is not unconstitutional because denying jury trial.

**2. Intoxicating liquors 258—Right to abate liquor nuisance in equity not affected by existence of legal remedy.**

Under National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), government has right to abate nuisance by suit in equity, notwithstanding it has remedy at law by criminal prosecution.

**3. Intoxicating liquors 274—Bill in suit to abate liquor nuisance in substantially language of statute held not uncertain or indefinite.**

Bill to abate liquor nuisance in substantially language of National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), held not indefinite or uncertain.

**4. Intoxicating liquors 271—That owner of premises not made party defendant to suit against lessees to abate liquor nuisance does not invalidate decree.**

That owner of premises is not made party defendant to government's suit against lessees to abate liquor nuisance does not invalidate decree.

**5. Intoxicating liquors 280—Alleged invalidity of search warrants under which evidence was obtained held not to require reversal of decree abating liquor nuisance.**

Where record on appeal from decree abating liquor nuisance did not show what evidence, if any, before court was secured by use of alleged illegal search warrant, and where there was other evidence sufficient to warrant decree, held, invalidity of warrant, if conceded, did not require reversal.

**6. Intoxicating liquors 275—Liquor shown to have been possessed on premises involved in proceedings to abate liquor nuisance presumed kept for purpose of sale.**

Under National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), where possession of liquor on premises involved in abatement proceedings under section 22 (section 10138½k) is established, there arises presumption of intent to sell, though there may be no proof of sales.

**7. Intoxicating liquors 275—Evidence establishing sales and possession of liquor held sufficient to sustain decree abating nuisance.**

Evidence establishing sales and possession of intoxicating liquor on premises held sufficient to sustain decree abating liquor nuisance.

**8. Intoxicating liquors 262—That defendants not previously convicted, that premises closed, or that interest acquired after offense, held not to prevent abatement.**

That defendants were in possession only as lessees, and had not been previously convicted, that the premises at time of issuance of preliminary injunction were closed for repairs, and that one of defendants had acquired his interest in lease after offenses complained of, held not to prevent abatement.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit to abate liquor nuisance by the United States against Mike Denapolis and others. Decree for plaintiff, and defendants appeal. Affirmed.

John J. Reilley, of New Orleans, La. (Henry L. Landfried, of New Orleans, La., on the brief), for appellants.

Louis H. Burns, U. S. Atty., Edwin H. Grace, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

BRYAN, Circuit Judge. This is an appeal from a decree declaring certain premises to be a common nuisance, and denying to appellants the right to occupy or use the same for a period of one year. The suit was brought by the United States under title 2, § 22, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k). The bill closely follows the statute, and avers that the appellants maintained the premises for the purpose of manufacturing and selling therein intoxicating liquors for beverage purposes, and would continue so to do unless enjoined. The owner was not made a party defendant, but the suit proceeded to a final decree against the appellants as lessees.

Appellee's evidence disclosed that on one occasion two prohibition agents and another person went upon the premises, which the appellants conducted ostensibly as a soft drink stand and restaurant, and that each of them purchased a drink of whisky; that on two other occasions the premises were searched and intoxicating liquors seized which contained one-half of 1 per cent. of alcohol by volume, or more. It is not shown who the owner of the premises was, to which of the appellants they were leased, or the relationship existing between them. Anthony Denapolis, one of the appellants, testified that he was the lessee at the time the injunction was issued, but that he did not become such until after the alleged sales were made and the premises were searched. He further testified that at the time the injunction was issued the premises were closed for repairs. The searches were made under search warrants which authorized the officers to whom they were issued "to investigate and search into and concerning said violations and to report and act concerning the same as required of you by law."

The record discloses that objection was made to the introduction of any testimony tending to show the possession of liquor upon grounds other than that the warrants did not require the search for and seizure of particularly described property.

The decree is attacked on the grounds: (1) That section 22 of the National Prohibition Act is unconstitutional, because it denies the right of trial by jury; (2) that the government has an adequate remedy at law; (3) that the bill is uncertain and indefinite; (4) that the owner of the premises is a necessary party; (5) that the search warrants are invalid, in that the property to be seized was not described therein, and that the liquor seized thereunder was therefore rendered inadmissible in evidence; (6) and that the evidence does not sustain the decree for the reasons, that none of the appellants had been previously convicted of any violation of the act, that sales were shown on one occasion only and before the appellant Anthony Denapolis became the tenant of the premises, and that, at the time the preliminary injunction was granted, the premises were closed for repairs.

[1] 1. The objection that section 22 is unconstitutional because it denies the right of trial by jury, and authorizes in the first instance a suit in equity to abate a nuisance, is not well founded. The same objection was made in Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205, to a like statute adopted by the state of Kansas. In that case it was said: "As to the objection that the statute makes no provision for a jury trial in cases like this one, it is sufficient to say that such a mode of trial is not required in suits in equity brought to abate a public nuisance. * * * Here the fact to be ascertained was, not whether a place, kept and maintained for purposes forbidden by the statute, was, per se, a nuisance—that fact being conclusively determined by the statute itself—but whether the place in question was so kept and maintained."

[2] 2. The statute having declared the premises where intoxicating liquor is kept to be a common nuisance, the Government has the right to abate that nuisance by a suit in equity, notwithstanding it at the same time has the further right to resort to criminal prosecutions. It may resort to either method, or both, at its discretion. In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092.

[3] 3. The bill, being substantially in the language of the statute, is not open to the objection that it is uncertain or indefinite. Hall v. United States (C. C. A.) 277 F. 19.

[4] 4. It is of no concern to the lessees that the owner of the premises was not made a party defendant. The suit is aimed

at the unlawful use irrespective of ownership. At the same time the statute confers upon the owner the right to procure possession of his property by giving bond that intoxicating liquors, will not be manufactured, kept, or sold thereon.

[5, 6] 5. It may be assumed that the search warrants were invalid because they did not require the search for and seizure of particularly described property, but authorized the officers to whom they were issued to exercise their own discretion as to what they would do. But it is not made to appear by the record what evidence, if any, secured by the use of the search warrants was before the trial court, but only that quantities of intoxicating liquor were found on the premises of the appellants while searches were being made under the warrants. There was enough other evidence to warrant the decree. It is shown beyond dispute that appellants had liquor on the premises. If there had been no proof of any sale, there would yet remain the presumption that the liquor was kept for the purpose of sale. Title 2, § 33 (section 10138½t).

[7, 8] 6. The sales shown by the government's evidence, considered in connection with possession by the appellants of liquor upon the premises, are sufficient to support the decree. Lewinsohn v. United States (C. C. A.) 278 F. 421; United States v. Reisenweber (C. C. A.) 288 F. 520; Barker v. United States (C. C. A.) 289 F. 249; John Hohenadel Brewing Co. v. United States (C. C. A.) 295 F. 489. The government having the right as we have seen to abate a public nuisance without first resorting to a criminal prosecution, it is immaterial whether a defendant in an equity suit has previously been convicted. The appellants were in possession as tenants of the premises. It can make no difference which of them owned the lease. A mere formal change of tenants by assignment or other arrangement among themselves could not deprive the government of its right to abate the nuisance. Nor is that right affected by the mere circumstance that at the moment the preliminary injunction was issued the premises were closed for repairs, as such action is entirely consistent with the intention of the occupants to continue in their general purpose to make continuous use of the premises. Such a contingency is provided, against by section 22.

Reversible error is not made to appear by any of the assignments, and the decree of the District Court is affirmed.