## FARRELL v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
August 10, 1927.

No. 2570.

1. Intoxicating liquors ⬥275—Proof of possession in premises equipped as barroom held to sustain finding of common nuisance (National Prohibition Act [27 USCA § 50]).

Illegal possession of intoxicating liquor on premises equipped as barroom, for purposes of sale, supports a finding that the premises were maintained as a common nuisance, in view of National Prohibition Act, tit. 2, § 33 (27 USCA § 50 [Comp. St. § 10138½t]).

2. Intoxicating liquors ⬥265—Owner's knowledge of illegal purposes is not essential to abatement of premises as liquor nuisance.

Knowledge of the owner that premises are used for illegal purpose is not essential to their abatement as nuisance, where intoxicating liquors are sold.

3. Intoxicating liquors ⬥276—Remoteness of hearing of abatement suit from commission of offense held not to prevent decree of abatement.

That hearing of suit to abate premises as nuisance where intoxicating liquors were sold was remote from commission of offense will not prevent decree of abatement.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

In Equity. Suit by the United States against Richard Farrell and others. Decree for complainant, and defendant Farrell appeals. Affirmed.

William B. MacKay, Jr., of Hackensack, N. J., for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court declaring the premises located at Nos. 95 and 97 Hudson street, Hoboken, N. J., to be a common nuisance and "padlocking" them for one year.

The bill of complaint was filed against Michael Tighe, Richard Farrell, John Farrell and Rose Cella. It was alleged that Rose Cella was the owner of the premises and Tighe and the Farrells were owners and proprietors of the business conducted there. It was further alleged that intoxicating liquor was manufactured, sold, kept, and bartered on the premises in violation of the National Prohibition Act, and therefore the premises were a public and common nuisance as defined by that act. Rose Cella admitted that she was owner of the premises and that Richard Farrell was her tenant. It appears that John Farrell and Michael Tighe were her tenants on February 27, 1925, and August 6, 1925, when searches of the premises were made. They remained tenants until February 1, 1926, when the appellant became the tenant. Tighe and the Farrels denied all the allegations made and set forth in the bill of complaint, and left the complainant to such proof as could be produced at the trial. The appellant says that the decree should be reversed because no evidence was produced to sustain the allegations on which it was based.

The government averred that intoxicating liquor was "manufactured, sold, kept, and bartered" on the premises, but it did not prove by competent testimony that such liquor was manufactured, sold, or bartered and the defendant therefore says that no proof was produced to sustain the allegations of the bill. It is accordingly necessary to determine what the testimony was which tended to establish these allegations or any of them and whether or not it was sufficient to sustain the decree.

The evidence shows that the premises were equipped as a barroom, with a kitchen in the rear. Among the furniture in the room were a bar, lunch counter, and tables. Michael F. Barry testified that he visited the premises in executing a search warrant on February 27, 1925, and "found ten quarts of whisky, a pint of wine, a gallon of wine, and a quart of gin" behind the bar under a lunch counter. The witness was not asked a single question by the defense about this whisky, wine, or gin and no other witness contradicted his testimony. The possession of the liquors on the premises may be taken as an established fact. Section 33 of title 2 of the National Prohibition Act (27 USCA § 50; Comp. St. § 10138½t) provides that "the possession of liquors by any person not legally permitted under this chapter to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this chapter." 41 Stat. 317. No attempt whatever was made to rebut this "prima facie evidence."

[1] The question reduced itself to this: Does the illegal possession of intoxicating liquor on premises equipped as a barroom, for the purpose of sale, in violation of the National Prohibition Act, support a finding that the premises are maintained as a common nuisance? This court said, in the case of Singer v. United States, 288 F. 695, that "the keeping [of intoxicating liquor] for this unlawful purpose [sale] for a single day may constitute the offense" of being a statutory nuisance. It is the fact and not the duration of the unlawful possession of intoxicating liquor that constitutes a statutory nuisance, for nowhere does the statute prescribe how long the unlawful possession shall be in order to constitute the offense. Wiggins v. United States (C. C. A. 2) 272 F. 41; Feigin v. United States (C. C. A. 9) 279 F. 107.

[2, 3] It does not avail the appellant that there was no proof that the unlawful keeping of intoxicating liquor on the premises was ever brought to the knowledge of the owner nor that the date of the hearing was remote from the commission of the crime. Denapolis v. United States (C. C. A. 5) 3 F.(2d) 722; United States v. Budar et al. (D. C.) 9 F.(2d) 127; United States v. Boynton et al. (D. C.) 297 F. 261, 267.

The facts established by the evidence in our opinion fully support the decree of the District Court, which is affirmed.