## ENGLER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 16, 1928.

No. 7881.

1. **Intoxicating liquors ⌖271—In suit against lessees to abate liquor nuisance, owner of premises need not be made party (National Prohibition Act [27 USCA]).**

In suit against lessees to abate nuisance conducted in violation of National Prohibition Act (27 USCA), it is not necessary that owner of premises be made party, and it is not important whether owner had knowledge that premises were used illegally, since abatement of nuisance under such act is civil proceeding in rem.

2. **Intoxicating liquors ⌖262—Change of tenants will not deprive government of right to abate liquor nuisance where soft drink business was conducted as before (National Prohibition Act, tit. 2, § 22 [27 USCA § 34]).**

Where suit was brought under National Prohibition Act, tit. 2, § 22 (27 USCA § 34), to abate nuisance conducted by lessees, formal change of tenants will not deprive government of right to abate nuisance, where soft drink bar business was conducted as before, with same equipment, notwithstanding that new tenant was never charged with violation of law, since suit is aimed at unlawful use, irrespective of ownership.

3. **Intoxicating liquors ⌖275—Burden to show that liquor nuisance had been abated held to be on owner and not government.**

Where liquor nuisance was once shown to exist, burden to establish that it had been abated *held* to be on owner of premises, and not on government.

4. **Evidence ⌖67(I)—Liquor nuisance, once shown to exist, will be presumed to continue (National Prohibition Act [27 USCA]).**

Nuisance conducted contrary to National Prohibition Act (27 USCA), if once shown to exist, will be presumed to continue, especially in absence of change of environment.

5. **Criminal law ⌖163—Acquittal under Prohibition Act held not bar to proceedings to abate liquor nuisance (National Prohibition Act, tit. 2, §§ 21, 22 [27 USCA §§ 33, 34]).**

Acquittal in prosecution under National Prohibition Act, tit. 2, § 21 (27 USCA § 33) is not bar to proceedings, under § 22 (27 USCA § 34), to abate nuisance.

6. **Intoxicating liquors ⌖265—Interests of innocent persons in property may be divested in proceedings to abate liquor nuisance (National Prohibition Act, tit. 2, § 22 [27 USCA § 34]).**

Object of proceedings to abate liquor nuisance under National Prohibition Act, tit. 2, § 22 (27 USCA § 34) is preventive in nature, and to effect this interests of innocent persons in property may be divested.

7. **Intoxicating liquors ⌖276—Suit to abate liquor nuisance must be seasonably brought, but fact that hearing is remote from commission of offense will not prevent decree (National Prohibition Act, tit. 2, § 22 [27 USCA § 34]).**

Suit for abatement of liquor nuisance under National Prohibition Act, tit. 2, § 22 (27 USCA § 34), must be seasonably brought; but, if this is done, fact that hearing is remote from commission of offense will not, at least in absence of affirmative proof of abatement, prevent decree.

8. **Intoxicating liquors ⌖276—Where officers' affidavits were made April 23 and 24, delay till June 15 in filing suit to abate liquor nuisance held not unreasonable (National Prohibition Act, tit. 2, § 22 [27 USCA § 34]).**

Where affidavits relative to liquor nuisance were made by government officers on April 23 and 24, shortly after commission of offenses charged, delay of district attorney until June 15 in filing bill to abate nuisance under National Prohibition Act, tit. 2, § 22 (27 USCA § 34), *held*, not unreasonable.

Appeal from the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Suit by the United States against Peter A. Engler to abate a nuisance conducted in violation of the National Prohibition Act.

From the decree, defendant appeals. Affirmed.

George G. Chapin, of St. Paul, Minn. (George E. Ogilvie, of St. Paul, Minn., on the brief), for appellant.

J. H. S. Gifford, Asst. U. S. Atty., of Minneapolis, Minn. (Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. This is an appeal from a decree of the District Court for the District of Minnesota adjudging that the real estate and premises in the city of St. Paul, county of Ramsey, and state and district of Minnesota, known and described as the first and second floors of a building, the first floor of which was used as a soft drink bar, located at 905 West Seventh street, in said city, with other space immediately adjacent thereto, had been used in the conduct of a nuisance in violation of sections 21 and 22 of the National Prohibition Act (27 USCA §§ 33, 34), and were, on the 15th day of April, 1925, a common and public nuisance, and further adjudging that said premises should not be occupied or used for one year subsequent to and immediately after the entry of that decree, to wit, April 11, 1927. The bill of complaint was filed on the 15th day of June, 1925. Affidavits in support thereof were made on the 23d and 24th days of April, 1925. By these affidavits it was charged that sales of intoxicating liquor had been made in said premises on the 6th day of April, 1925, and that on the 15th day of April, 1925, intoxicating liquor had been found in said premises; that the same were then and there equipped with a bar, back-bar, mirror, glassware, etc., being identical with the equipment ordinarily installed in a regular saloon; that at the time of said search and seizure the premises were in charge of one Gladstone Davidson as a bartender, and constructively in charge of one Leonard Ayd as proprietor; the name of the latter then and there appearing on the soft drink licenses in said place. Attached to the bill of complaint, as an exhibit, was a written notice from the prohibition administrator at St. Paul, Minn., to appellant, as the owner of said premises, dated February 19, 1925, that these premises were being occupied and used for the illegal sale and possession of liquor contrary to the provisions of the National Prohibition Act. Attention was called to section 21 of

said act, and appellant was required to take due notice of the law and to govern himself accordingly. Proof of the mailing of this notice was also made. The case was tried upon the following stipulation of facts:

"It is hereby agreed and stipulated, by and between the complainant herein and the above-named defendant Peter A. Engler, through their respective attorneys, that the above-entitled cause may be and the same hereby is submitted to the court upon the pleadings and the following stipulated facts: The bill of complaint herein is predicated on section 22 of title 2 of the National Prohibition Act and this action was commenced by service of subpœna on defendant Peter A. Engler, June 25th, 1925. Defendant Engler has appeared and answered. Defendants Ayd and Davidson have never been served with process and have made no appearance.

"Defendant Peter A. Engler owns the premises No. 905 West Seventh street, St. Paul, Minn. The violations of law alleged in paragraph V of the complaint are admitted. It is also admitted that on February 19, 1925, the Prohibition Department forwarded through the United States mails to defendant Peter A. Engler a notice that a violation of law had occurred on the premises referred to. It is also admitted that at the time the aforesaid violations occurred Leonard Ayd was the lessee and proprietor of the soft drink bar business operated on the premises described and that Gladstone Davidson was an employee of defendant Ayd. Defendant Peter A. Engler in no way participated in the violations of law aforesaid, or had any knowledge that the law was being violated, other than the notice above referred to, unless such notice may be inferred as a matter of law from the facts stipulated herein.

"It is admitted by the complainant that tenant Leonard Ayd was ejected by defendant Peter A. Engler from the said premises in April, 1925, subsequent to the date of the last violation of law. That one John Ryshavy has since May 1, 1925, been the lessee of said premises under lease from defendant Peter A. Engler; that since said time and up to the present, the said John Ryshavy has operated on said premises, a so-called soft drink and foodstuff business under a license issued by the city of St. Paul, Ramsey county, Minn; and that the said John Ryshavy has never been charged with a violation of law."

As has been stated, the bill of complaint was filed June 15, 1925. For some reason, not clearly appearing in the record, the case

was continued from time to time until April 5, 1927. The decree is attacked 'on the ground that, as stipulated, the owner of the premises, appellant herein, participated in no violation of the law and had no knowledge thereof except that conveyed by the notice of February 19th, and to be inferred from the facts stipulated; that, on April 6th and April 15th, Ayd, as proprietor, and Davidson, as bartender, were conducting the business; that in the same month, and before the bringing of this action, Ayd was ejected as a tenant by appellant; that on May 1, 1925, one Ryshavy went into possession as tenant and has not been charged with a violation of law. It is insisted that by the decree no existing nuisance was abated; that the decree in fact amounts to a penalty against an owner for the act of another.

[1] The abatement of a nuisance under this act is a civil proceeding in rem. It is held that it is not necessary that the owner of premises be made a party to a suit against lessees to abate the nuisance; nor is it of importance whether the owner has knowledge that the premises are used for an illegal purpose, where intoxicating liquors are sold and the nuisance complained of is found to exist. Denapolis et al. v. United States (C. C. A. 5) 3 F.(2d) 722; Farrell v. United States (C. C. A. 3) 21 F.(2d) 318.

[2-6] In this case the owner (appellant) was made a party. It was stipulated that he had whatever knowledge was imparted by the notice theretofore sent to him, and such as might be inferred, as a matter of law, from the facts stipulated. February 19, 1925, he was notified that in January, 1925, the premises were used for the illegal sale and possession of intoxicating liquors. At that time, appellant states, one Roberts was the occupant of the premises. On April 6, 1925, four sales of alcohol were made on these premises, and April 15, 1925, possession of such liquor was found. On these dates Ayd and his bartender, Davidson, were in charge of the business. Some time thereafter, in April, Ayd was ejected, and was succeeded by Ryshavy on May 1st. It thus appears that action by the owner, upon notice of illegal use of the premises, was confined to a formal change of tenants. The business continued as before with the same equipment. This could not deprive the government of its right to abate the nuisance. The suit is aimed at the unlawful use, irrespective of ownership. Denapolis et al. v. United States (C. C. A. 5) 3 F.(2d) 722–724. The burden was not on the government to show that the nuisance continued. The burden to establish that it

had been abated was on the owner. That fact is sought to be inferred from the statement in the stipulation that the present tenant, Ryshavy, had operated a soft drink and foodstuff business on the premises since May 1, 1925, and "has never been charged with a violation of law." This falls far short of the necessary affirmative showing. It is not enough that the succeeding tenant had not been caught and charged with a violation of law. A nuisance, once shown to exist, will be presumed to continue, especially in the absence of change of environment. United States v. Budar et al. (D. C.) 9 F.(2d) 126; Shore et al. v. United States (C. C. A. 7) 282 F. 857. Even an acquittal in a prosecution under section 21 is not a bar to proceedings under section 22. Murphy et al. v. United States, 272 U. S. 630, 47 S. Ct. 218, 71 L. Ed. 446; Lewinsohn v. United States (C. C. A. 7) 278 F. 421. The object of the proceedings under section 22 is preventive in its nature, and, to effect this, the interests of innocent persons in the property may be divested. United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, cited in Murphy v. United States, supra. The general power of sovereignty is declared in Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205.

[7, 8] Of course, the suit for abatement must be seasonably brought. If this be done, that the hearing is remote from the commission of the offense will not, at least in the absence of affirmative proof of abatement, prevent decree. Farrell v. United States (C. C. A. 3) 21 F.(2d) 318. In this case the affidavits by government officers were seasonably made on April 23 and 24, 1925, shortly after the commission of the offenses charged and before the advent of Ryshavy on May 1, 1925. The district attorney filed his bill June 15, 1925. No unreasonable delay appears.

Appellant places chief reliance upon the decision of this court in Webb v. United States, 14 F.(2d) 574, 49 A. L. R. 612. That case is clearly not in point. There the abatement of the nuisance had long before been effected by court decree. It was ruled that the court had exhausted its power under sections 21 and 22. That was a contempt proceeding. It concerned the continued operation of an injunctive order, and not the closing provision of the statute.

The nuisance was established, the suit for abatement was seasonably brought, and the decree entered should be affirmed. It is so ordered.