## BOND v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 4, 1928.

No. 5440.

Intoxicating liquors ⟨⟩238(1)—Evidence held to make issue for jury as to defendant's guilt of possessing liquor and maintaining liquor nuisance (National Prohibition Act, tit. 2, §§ 21, 33 [27 USCA §§ 33, 50]).

Evidence of storekeeper's possession and delivery through assistant of liquor, and telephone conversation relative thereto, *held* to make issue for jury of guilt, in prosecution for possessing liquor and maintaining nuisance, under National Prohibition Act, tit. 2, §§ 21, 33 (27 USCA §§ 33, 50), under which possession of liquor is prima facie evidence that it is kept for sale.

In Error to the District Court of the United States for the District of Oregon; John H. McNary, Judge.

Guy Bond was convicted of possessing intoxicating liquor and maintaining a common nuisance, and he brings error. Affirmed.

Malarkey, Seabrook & Dibble of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and Francis E. Marsh, Asst. U. S. Atty., both of Portland, Or., for the United States.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error as defendant below was convicted upon an information which charged him with the possession of intoxicating liquor and maintaining a common nuisance. He was conducting a store known as the East Side Supply House, his visible stock in trade consisting of barrels, kegs, bottles, and malt. A prohibition officer called upon him at his place of business, and saw on his table in a small office partitioned off from the sales room a pint bottle of moonshine whisky, from which the defendant gave the officer a drink. The officer walked into the adjacent room, and while there, talking to an assist-

26 F.(2d)—42½

ant of the defendant, a man came into the office where the defendant was, and the latter signaled to his, assistant by whistling and raising his hand in the air, whereupon the assistant went to the basement and returned, concealing under his coat two quart bottles wrapped in the peculiar kind of tissue paper, which was found on the bottles of Johnny Walker whisky subsequently seized, and delivered them either to the defendant or to the visitor, and the latter left by the front door. Later the defendant answered a telephone call and was heard to say: "All right. Three—1204 Gasco Building," and he added: "Oh, let me see; I don't know what excuse I made for that before. The best of it will get cloudy once in a while." Later several prohibition agents with a search warrant searched the premises. One of them, upon entering, saw the defendant pour a drink of moonshine whisky into a glass and hand it to a man. Twelve quarts of Johnny Walker whisky were found in the basement, 7 gallons of high-proof alcohol were found in the storeroom, and on the premises were found also 39 pint flasks of moonshine whisky.

The defendant contends that, while these facts are sufficient to show his possession of liquor, they are not sufficient to show that he maintained a nuisance, and that it was error to deny his motion for an instructed verdict of acquittal on that charge. Section 21, title 2, of the National Prohibition Act denounces as a common nuisance "any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this chapter." 27 USCA § 33. And section 33 provides: "The possession of liquors by any person not legally permitted under this chapter to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this chapter." 27 USCA § 50.

But, argues the defendant, the mere fact that intoxicating liquors were found in the defendant's store is insufficient of itself to prove the maintenance of a nuisance, and he refers to Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, where it was said that the word "kept," as used in section 21, "plainly means for sale or barter or other commercial purpose." To this it is to be said that the possession of liquors by the defendant was not explained on the trial, and obviously it could not be explained on any theory other than that they were kept for sale or some

other commercial purpose. The testimony of the prohibition agent as to the two bottles which were brought from the basement strongly indicated a sale, although the witness did not actually see the goods delivered to the purchaser, nor money paid therefor, and the remarks of the defendant in answer to a telephone call, unexplained as they were, tended to confirm the other evidence that he was engaged in selling illegally intoxicating liquor. His excuse that "the best of it will get cloudy once in a while" obviously did not refer to barrels, bottles, kegs, or malt. In short, the possibility that the liquors were not kept for sale or barter, or other commercial purpose, is contra-indicated by all the circumstances, including the significant fact of their presence in a store in association with the business of selling barrels, kegs, bottles, and malt. Panzich v. United States (C. C. A.) 285 F. 871; Forni v. United States (C. C. A.) 3 F.(2d) 354; Filippelli v. United States (C. C. A.) 6 F.(2d) 121; Farrell v. United States (C. C. A.) 21 F.(2d) 318.

The judgment is affirmed.