## UNITED STATES v. VARELE et al.

### No. 1554.

District Court, D. Idaho, S. D.
May 1930.

H. E. Ray, U. S. Dist. Atty., and Sam S. Griffin, Asst. U. S. Dist. Atty., both of Boise, Idaho, for plaintiff.

Bissell & Bird, of Gooding, Idaho, for defendant Western States Realty Co.

CAVANAH, District Judge.

This suit is brought under section 34, title 27, USCA, for the purpose of abating the nuisance alleged to have been maintained in the one-story building on lot 18, block 36, Fremont street, in Rupert, Idaho. It was admitted at the trial that the nuisance existed as charged in the bill, and the last date on which the National Prohibition Act was violated by the tenants of the premises, and proprietors of the business conducted thereon, was January 7, 1930. The bill was filed January 21, 1930, and the tenants were, on January 7, 1930, arrested and placed in jail and were there at the time the bill was filed.

The only question presented for decision is, Can the government, under the evidence, maintain this action where it appears that the tenants and occupants of the premises had been arrested and placed in jail at the time of the filing of the bill, two weeks after the last act of violation of the law was committed, it being contended by the owner of the premises, who is made a party to this suit, that, as the nuisance had ceased to exist, because the tenants had been incarcerated in jail at the time the bill was filed, the government could not maintain this action?

The principle applicable to the facts in this case seems to be that if it is shown that the nuisance once existed, and suit is seasonably brought to abate under the National Prohibition Act, the government would have the right to maintain its action. If there was any unreasonable delay in bringing the action, or a change of environment and circumstances which would convince the court that there would be no continuation of the nuisance, then the court would be justified in declining to enter a decree of abatement. Each case must stand upon its own particular facts. The action was brought within sixty days following the specific violations of the law charged in the bill. Section 35 of title 27, USCA, provides:

"Any person who shall, with intent to effect a sale of liquor, by himself, his employee, servant, or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or other conveyance whatever, or leave in a place for another to secure, any liquor, or who shall travel to solicit, or solicit, or take, or accept orders for the sale, shipment, or delivery of liquor in violation of this title is guilty of a nuisance and may be restrained by injunction, temporary and permanent, from doing or continuing to do any of said acts or things.

"In such proceedings it shall not be necessary to show any intention on the part of the accused to continue such violations if the action is brought within sixty days following any such violation of the law."

From this section an intention to continue a violation of the law is presumed, aft-

942

er once shown to exist, for sixty days following such violation. So this action being brought within the sixty-day period, the presumption provided for by the statute applies. The officers made the arrest of the tenants seasonably, as it was made on January 7, 1930, the last day on which one of the violations took place. Shortly thereafter the district attorney, on January 21, 1930, filed the bill in this case. The tenants arrested did not release the place from their control until about Jan. 15, 1930. From the time of the violations of the law until the bill was filed there does not appear to have been any change in the character of the business, fittings, furnishings, patrons, or tenants, and, in the absence of such proof, the presumption provided by the statute exists. Kennedy v. United States (C. C. A. 9) 4 F.(2d) 486. The character of the business conducted on the premises by the tenants was that of a pool hall. It would seem that under section 35 of the statute referred to it was incumbent upon the tenant, or the owner of the premises, to have shown that it was not the intention upon their part to continue the violations of the law. This record is silent as to any evidence showing that a continuation of the same situation and character of business did not exist up to and until the filing of the bill. The fact that the tenants were arrested and placed in jail does not of itself satisfy the presumption as provided for in the statute. The evidence further discloses that the Western States Realty Company, owner of the premises, acquired title thereto about one year ago, and that shortly before that one of the two tenants who caused the nuisance to exist had been arrested and convicted of violations of the national and state liquor laws. The owner permitted these same tenants to remain in the possession and occupancy of the premises for about one year after it acquired ownership thereof, and permitting such tenants to continue in the occupancy and use of the premises seems to be a strong circumstance in establishing the fact that it knew the character of its tenants, and therefore the law imparts to it knowledge of the use of the premises as has been established.

The case would seem to be ruled by the decision in the case of Engler v. United States (C. C. A. 8) 25 F.(2d) 37, 39, where the action to abate the nuisance was brought seven weeks after the commission of the offense charged. The court held:

"Of course, the suit for abatement must be seasonably brought. If this be done, that the hearing is remote from the commission of the offense will not, at least in the absence of affirmative proof of abatement, prevent decree. Farrell v. United States (C. C. A. 3) 21 F.(2d) 318. In this case the affidavits by government officers were seasonably made on April 23 and 24, 1925, shortly after the commission of the offenses charged and before the advent of Ryshavy on May 1, 1925. The district attorney filed his bill June 15, 1925. No unreasonable delay appears."

The evidence being convincing that the premises were occupied and used at the time the owner acquired title thereto by tenants who had been convicted of violation of the national and state liquor laws on the premises, and that, during the period of one year after the owner acquired title, the same tenants were permitted to continue in the use and occupancy of the premises, continuing the same kind of business, and that, inasmuch as, during that time, violations of the National Prohibition Law took place, and they continued in control of the premises until about a week before the filing of the bill, and, no proof appearing that there was any change in conditions at the premises up to the time of the filing of the bill, the presumption provided by the statute must be applied. The stipulation of facts brings the case under the rule above stated, and therefore a decree will be entered closing the premises.