**UNITED STATES v. BURTELL et al.**

No. 825.

District Court, D. Delaware.

Aug. 7, 1931.

Leonard E. Wales, U. S. Atty., of Wilmington, Del.

John Biggs, Jr., of Wilmington, Del., for defendants Buckley, McGowan, Weaver, and Reed.

NIELDS, District Judge.

The United States filed its bill of complaint against Lewis Burtell, as proprietor of a business carried on at certain premises known as No. 215 East Front street, in the city of Wilmington, and against Elizabeth A. Buckley, John A. McGowan, William A. McGowan, Jane M. Weaver, and Catharine M. Reed, as owners of such premises. The owners have appeared and answered. Burtell, the tenant, though served with process, has neither appeared nor answered.

The bill charges, in substance, that intoxicating liquor was sold, kept, and bartered on the premises, that such premises were maintained as a common nuisance, as defined by the National Prohibition Act (title 2, § 21 [27 USCA § 33]), and that such nuisance was a continuing one. It seeks an injunction with a closure provision. Attached to the bill of complaint are affidavits showing the sale of intoxicating liquor upon the premises October 18, 1930, October 20, 1930, October 21, 1930, and November 5, 1930, and a search of the premises under a search warrant November 7, 1930. The bill of complaint was filed November 13, 1930. The owners consented that a temporary injunction issue. The matter is now before the court after a full hearing on bill, answer, and oral evidence. Though not consenting thereto, the owners do not seriously object to the issuance of a permanent injunction, but resist the incorporation of a closure provision depriving them of the use of their property.

It would serve no useful purpose to review the evidence tending to establish the fact that the premises in question were a common nuisance within the meaning of the National Prohibition Act at and immediately before the filing of the bill of complaint. The evidence inevitably leads to that conclusion. The sole question in the case is whether the court has reasonable grounds for apprehending from the evidence the continuance or recurrence of such nuisance.

John McGowan owned the premises for many years prior to the passing of the National Prohibition Act. There he carried on a saloon business until his death in 1908, leaving a wife and five children. The widow died in 1922. The property is now owned by the five children, defendants in this proceeding. In the summer of 1930, after the premises had been vacant for some twelve or fifteen months, one of the defendants, acting for her brothers and sisters, employed a real estate agent of good standing to procure a tenant. On September 25, 1930, the property was leased to one John Faulkowski at the rental of $35 per month, although previously rented for $75 a month. Without the

knowledge of the real estate agent or of any of the owners, Faulkowski sublet the saloon portion to the defendant Burtell. From the evidence it appears that Burtell was solely responsible for the nuisance. It is also clear that the owners knew nothing of Burtell and knew nothing of the nuisance until this proceeding was instituted November 13, 1930. The owners immediately took the matter up with their counsel who formally notified the tenant to "immediately quit and leave the premises." Within two days Faulkowski vacated the premises, and the lease was canceled.

It is perfectly true that the owner of premises whereon a nuisance is being conducted cannot defeat an injunction by showing that he did not participate in the criminal act of his tenant. Grosfield v. United States, 276 U. S. 494, 48 S. Ct. 329, 72 L. Ed. 670, 59 A. L. R. 620. It is equally true that a court of equity has power to abate a nuisance and decree a closure of premises regardless of the owner's ignorance of the fact that his tenant was violating the law, and it is unnecessary that the knowledge of the violation should be brought home to the owner. Farrell v. United States (C. C. A.) 21 F.(2d) 318; Engler v. United States (C. C. A.) 25 F.(2d) 37. Before the court can decree a permanent injunction, with or without a closure clause, there must be some evidence, not only of the existence of the nuisance at the time or immediately before the bill was filed, but there must be a reasonable probability that the premises will be used in the future for such unlawful purpose. The only fact connecting the owners with the transactions in question is their ownership of premises and their knowledge that they were "old saloon premises." The mere fact that the defendants were the owners of an old saloon property leased at a low rental after a long period of vacancy, where a nuisance of this kind occurs, falls far short of furnishing a reasonable apprehension of the recurrence of a nuisance.

There is clear and satisfactory proof of the existence of a nuisance. There is direct and uncontroverted evidence of a cessation and abatement of that nuisance without any evidence for apprehending a repetition or recurrence of such nuisance. The case resolves itself into the single question whether a closure can be supported by the single fact that the defendants were the owners of old saloon premises where violation of the National Prohibition Act has occurred. I am unable to subscribe to any such rule. Fess-

ler v. United States (C. C. A. 3) 39 F.(2d) 363.

However, the government had good cause to bring suit, and the bill should not be dismissed. The terms of the final decree should be determined upon considerations of prevention and not of punishment. The owners voluntarily co-operated with the government in the abatement of the nuisance. They canceled the lease and ousted the tenant.

A decree may be submitted providing for a permanent injunction as to Burtell, denying such injunction as to Elizabeth A. Buckley, John A. McGowan, William A. McGowan, Jane M. Weaver, and Catharine M. Reed, and taxing the costs of this proceeding against the owners.