## UNITED STATES v. FLOOD et ux.
### No. 830.

District Court, D. Delaware.
Aug. 7, 1931.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., for plaintiff.

P. Warren Green, of Wilmington, Del., for defendant Michael C. Flood.

NIELDS, District Judge.

The United States has filed its bill of complaint against Michael C. Flood, as proprietor, and Anna M. Flood, as owner, of the property at the northeast corner of Seventh and Tatnall streets, in the city of Wilmington, in this district. Anna M. Flood, the owner, has appeared and answered. Michael C. Flood, proprietor, though served with process, has not appeared nor answered.

- The bill charges in substance that intoxicating liquor was sold, kept, and bartered on the saloon portion of the premises, that such premises were maintained as a common nuisance as defined by the National Prohibition Act (title 2, § 21 [27 USCA § 33]), and that such nuisance was a continuing one. It seeks an injunction with a closure provision.

Attached to the bill of complaint are affidavits showing sales of intoxicating liquor on September 20, 1930, September 22, 1930, September 25, 1930, October 9, 1930, October 27, 1930, and November 6, 1930, and the service of a search warrant on November 7, 1930. The bill was filed November 13, 1930. Anna M. Flood consented that a temporary injunction issue. The matter is now before

the court after full hearing on bill, answer, and oral evidence. The owner resists the entry of a decree depriving her of the use of her property.

The evidence clearly establishes that the premises in question were a common nuisance within the meaning of the National Prohibition Act at and immediately before the filing of the bill of complaint. The sole question is whether the court has reasonable ground for apprehending the continuance or recurrence of such nuisance.

Anna M. Flood testified that she had owned the property since October 31, 1923, and that during that time a portion of it was equipped as a saloon. She was the wife of Michael C. Flood, her codefendant, and they resided together on the premises. Michael C. Flood acted as bartender. The saloon portion was divided by a partition. The front served as an anteroom with a tobacco counter. The back room was a barroom with an old fashioned bar, back bar, tables, and chairs. Patrons entering the anteroom who desired admission to the barroom pressed a buzzer. The bartender moving from behind the bar to the cigar counter would inspect the patrons and if they appeared safe would admit them to the barroom by pressing a button behind the bar which unlocked the door leading to the barroom. The evidence clearly established the fact that intoxicating liquor was sold on the premises by the defendant Michael C. Flood, husband of the owner. At the time of the raid she was behind the bar with her husband where there was liquor. The evidence further established that the owner, Anna M. Flood, knew that liquor was being sold on the premises. She testified that she knew her husband had been convicted of selling liquor on these premises in this court on March 26, 1926, and that he had been convicted of selling liquor on the same premises in the state courts of this state in 1928. Notwithstanding this knowledge, Mrs. Flood did nothing looking to a removal of the bar equipment or the adaptation of the saloon to a lawful use. In the absence of some step on her part to abate the nuisance, it is fair to assume that the same business will be carried on unless enjoined. A nuisance once shown to exist will be presumed to continue, especially in the absence of change in environment. Engler v. United States (C. C. A.) 25 F.(2d) 37.

A decree may be submitted providing for a permanent injunction with a closure clause.