## UNITED STATES v. CONNER.
### No. 826.

District Court, D. Delaware.
Aug. 7, 1931.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., for plaintiff.

P. Warren Green, of Wilmington, Del., for defendant.

NIELDS, District Judge.

The United States has filed its bill of complaint against Ferris J. Conner, defendant, owner of a property in the city of Wilmington, in this district, known as "The Poplar Hotel," at the southeast corner of Fifth and Poplar streets. On the ground floor, there was an old-fashioned saloon with a long bar and bar equipment. Conner was his own bartender. He used the second floor for living room, dining room, and kitchen, and one of the rooms on the third floor as a bedroom.

The bill charges, in substance, that intoxicating liquor was sold, kept, and bartered in the saloon portion of the premises in question, that such premises were maintained as a common nuisance, as defined by the National Prohibition Act title 2, § 21 (27 USCA, § 33), and that such nuisance was a continuing one. It prays for an injunction with a closure provision. Attached to the bill are affidavits showing the sale of intoxicating liquor on October 15, 1930, October 17, 1930, and the service of a search warrant on November 7, 1930. The bill was filed November 13, 1930. Conner consented that a temporary injunction issue. The matter is now before the court after a full hearing in open court on bill, answer, and oral evidence. The defendant resists the entry of a decree depriving him of the use of his property.

The evidence clearly establishes that the premises in question were a common nuisance within the meaning of the National Prohibition Act (27 USCA § 33) at and immediately before the filing of the bill of complaint. The sole question is whether the court has reasonable ground for apprehending the continuance or recurrence of such nuisance. Conner conducted the saloon business on the premises long prior to the passage of the National Prohibition Act (27 USCA). He testified that the premises were "a regular saloon." He was, not only the owner of the premises and proprietor of the business, but his own bartender. It is conclusively shown by the evidence that on three separate occasions he sold intoxicating liquor on the premises in violation of the National Prohibition Act. On the occasion of the raid Conner was found behind the bar holding a tray bearing three glasses of whisky, and sitting at a table were two men and a woman. He testified that one of the men had brought a bottle of whisky to the premises and was "setting up" drinks in honor of his own birthday. In the opinion of the court, this story was conceived after the occasion because no such explanation of the situation was offered at the time of the raid.

At no time has Conner done anything looking to a removal of the bar equipment or the adaptation of the saloon to a lawful use. In the absence of some step on his part to abate the nuisance, it is fair to assume that the same business will be carried on by him unless enjoined. A nuisance once shown to exist will be presumed to continue, especially in the absence of change of environment. Engler v. United States (C. C. A.) 25 F.(2d) 37.

A decree may be submitted providing for a permanent injunction with a closure clause.